UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-61271-CIV-COHN
Case No. 04-60275-CR-COHN

BRUCE HERMITT BELL,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

### ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

**THIS CAUSE** is before the Court upon Movant Bruce Hermitt Bell's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(4) [DE 42]. The Court has carefully considered the motion and is otherwise fully advised in the premises.

Petitioner Bruce Hermitt Bell ("Movant") was convicted in this court of conspiracy to possess with intent to distribute fifty grams or more of crack cocaine and possession with intent to distribute fifty grams or more of crack cocaine. The instant action began as a § 2255 motion attacking his life sentence imposed in the criminal case for various claims of ineffective assistance of counsel, including a claim that his counsel failed to strike or challenge an alleged biased juror. The Court denied the motion to vacate his sentence, a decision upheld by the United States Court of Appeals for the Eleventh Circuit in a nine page unpublished opinion that specifically addressed Movant's claim regarding juror Milarsky [DE 39].

Movant now seeks relief pursuant to Rule 60(b)(4) contending that this Court's judgment was void because it was entered in a manner inconsistent with due process of

law for failure of the Court to hold an evidentiary hearing regarding the alleged bias of juror Milarsky.  In <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 532 (2005), the Supreme Court stated that a Rule 60(b) motion is an appropriate remedy in a habeas case where the petitioner "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."  In this case, Petitioner is attacking the failure of the Court to hold an evidentiary proceeding, an alleged defect in the integrity of the process.

Although the motion is properly brought under Rule 60(b), upon a review of the record, the Court concludes that there was no entitlement to a hearing in this case.  Moreover, the Eleventh Circuit Court of Appeals extensively addressed Movant's arguments regarding juror Milarsky's alleged bias, finding no basis for relief in this matter.  If the Eleventh Circuit felt that Movant was entitled to a hearing, it certainly would have remanded the action to this Court for that purpose.

Accordingly, it is **ORDERED AND ADJUDGED** that Movant Bruce Hermitt Bell's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(4) [DE 42] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 16th day of December, 2010.

JAMES I. COHN
United States District Judge

Copies provided to:
Bruce H. Bell
Reg. No. 71396-004
U.S.P. Coleman #1
P.O. Box 1033
Coleman, FL 33521